# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A silver LG cellular telephone currently in MPD<br>evidence under Inventory #20035997, more<br>fully described in Attachment A | Case No. 20-1057M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the       Eastern       District of       Wisconsin      
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before       October 30, 2020       *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.       ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to       Nancy Joseph      .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of ___.

Date and time issued:    10/16/20    

*Judge's signature*

City and state:    Milwaukee, WI        Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

The property to be searched is:

    a. A silver LG cellular telephone currently in MPD evidence under Inventory #20035997.

The Device is currently in evidence at the Milwaukee Police Department.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records on the Device described in Attachment A that relate to violations of Title 18, United States Code, Section 2119 (Carjacking), and Title 18, United States Code, Section 924(c) (Use of a Firearm during a Crime of violence) involving Jailen JENKINS-YATES or any other subject, stored on the Device, to include:

   a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

   b. any information recording any targets 'schedule or travel;

   c. any web search information related to the offenses described above;

   d. photographs of locations evidencing pre-carjacking surveillance or vehicles or people related to the offenses described above;

   e. any information related to the proceeds from the carjacking described above;

   f. any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

   g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A silver LG cellular telephone currently in MPD evidence under Inventory #20035997, more fully described in Attachment A | ) ) ) ) ) ) Case No. 20-1057M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Eastern_____ District of _____Wisconsin_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2119 | Carjacking |
| 18 U.S.C. § 924(c) | Use of a Firearm during a Crime of violence |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David Bianchi, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: 10/16/20

*Judge's signature*

City and state: Milwaukee, WI

Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF

# AN APPLICATION FOR A SEACH WARRANT

I, David Bianchi, being first duly sworn on oath, on information and belief state:

## I. INTRODUCTION, BACKGROUND, TRAINING, AND EXPERIENCE:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since January 2020. Since September 2020, I have been assigned to FBI's Milwaukee Area Violent Crimes Task Force, a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies, armed motor vehicle robberies, and other violent crime matters, defined under Title 18 of the United States Code. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities.

2. Based upon my training and experience, I know that computer hardware and software may be important to a criminal investigation in two distinct and important respects: (1) the objects themselves may be instrumentalities, fruits, or evidence of crime, and/or (2) the objects may have been used to collect and store information about crimes (in the form of electronic data). Rule 41 of the Federal Rules of Criminal Procedure permits the government to search and seize computer hardware and software which are (1) instrumentalities, fruits, or evidence of crime, or (2) storage devices for information about crime.

3. To this end, based upon my training and experience, I know that individuals involved in violent crimes use cellular telephones to maintain contact with co-conspirators aurally

or via electronic message in "text" format. I also know that it is common for suspects who commit violent crimes to take or cause to be taken photographs and other visual depictions of themselves, their associates, and the illegal proceeds and firearms that they control or possess.

4. Based on the investigation to date, I submit that there is probable cause to believe that on September 29, 2020, Jailen JENKINS-YATES, Date of Birth (DOB): xx/xx/2000, engaged in the armed motor vehicle robbery (carjacking) of Victim #1 located in the area of 4644 N 31st Street, Milwaukee, Wisconsin. This offense is in violation of Title 18, United States Code, Section 2119 (Carjacking), and Title 18, United States Code, Section 924(c) (Use of a Firearm during a Crime of violence). I also submit that there is probable cause to believe that the cellular telephone located on JENKINS-YATES' person at the time of arrest contains evidence to support the above criminal violations.

5. Since the cellular telephone was seized from JENKINS-YATES on September 29, 2020, the device has been securely maintained in evidence with the Milwaukee Police Department. The approximate two-week delay in obtaining a search warrant for device was due to affiant being engaged in operational activity in conjunction with local police departments due to ongoing civil unrest/protests in surrounding jurisdictions. In an effort to provide appropriate assistance, the Federal Bureau of Investigation established a 24-hour command post with mandatory staffing that affiant was assigned.

6. This affidavit is based upon my personal knowledge, my training and experience, and on information reported to me by other state and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon police reports, physical surveillance, and witness statements that I consider to be

2

reliable as set forth herein. The facts of this Affidavit are based upon information obtained from my investigation, as well as information I have received from other law enforcement officers.

7. Because this affidavit is submitted for the limited purpose of a obtaining a search warrant, I have not included each and every fact known to me concerning this investigation. I have attempted to set forth only the facts that I believe are pertinent to establishing the necessary foundation for the warrant.

## II. IDENTIFICATION OF THE DEVICE TO BE EXAMINED

8. This affidavit is submitted in support of an application for a search warrant for the following portable electronic device ("Device"), which is currently in evidence at the Milwaukee Police Department ("MPD"), for evidence of the user's possible involvement in the armed carjacking described in detail below

   a. A silver LG cellular telephone currently in MPD evidence under Inventory #20035997.

9. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## III. PROBABLE CAUSE

10. On September 29, 2020 at approximately 3:40 PM, Victim #1 drove her vehicle, a 2016 GMC Terrain bearing Wisconsin plates AGR9393, to the area of 4644 North 31st Street, Milwaukee, Wisconsin in order to return a sweatshirt to Damerius WALTON-SMITH, an acquaintance from middle school whom she had spent time with several days prior. When Victim #1 drove up to Walton-Smith, he entered the passenger seat of her vehicle and began to make small talk with her. As Victim #1 and WALTON-SMITH were speaking, an unknown male (Subject #1) approached from the rear of her vehicle, opened her driver side door, and put a black semiautomatic

handgun directly to the side of her head. Subject #1 loudly said, "Get out the car, get out the car." Because Subject #1 was standing in the opening of the door, Victim #1 asked if he would step back so that she could get out of her car. When Victim #1 stepped out of the car, Subject #1 got in the driver's seat and a second unknown male (Subject #2) got in the passenger seat. Subject #1 and Subject #2 then fled in Victim #1's vehicle southbound through the alley. Victim #1's main cell phone was still in the center console of the vehicle; however, she had a second cell phone on her person that she used to call the police. Victim #1 was then able to track her main cell phone using the track my iPhone app which she relayed to the police.

11. Subject #1 was described as a black male, late teens, slim build, "taller", medium complexion, clean shaven, wearing a grey t-shirt, black pants, no mask and no gloves.

12. Subject #2 was described as a black male, teens, heavy build, medium complexion, short hair, wearing a bright orange hooded sweatshirt, black pants, no mask and no gloves.

13. At approximately 4:55 PM, officers from the Milwaukee Police Department (MPD) located Victim's vehicle parked in the area of 3423 West Hadley Street, Milwaukee, Wisconsin. Officers observed one subject sitting in the passenger seat of the vehicle and a second subject actively throwing contents from Victim #1's vehicle into a dumpster. MPD officers observed that the subjects matched the physical and clothing descriptions given by Victim #1.

14. As the subjects were being taken into custody, officers observed a black Glock 19 semiautomatic pistol with serial number BADK657, matching the one described by Victim #1, in the lap of Jailen JENKINS-YATES. A search incident to arrest of JENKINS-YATES also located a silver LG cell phone in his pants pocket. JENKINS-YATES's physical and clothing description closely matches those of Subject #1 provided by Victim #1.

4

15. MPD Officers also located a black Apple iPhone in Victim #1's vehicle. The phone was determined to belong to Subject #2, identified as Amareontae CLAYTON, DOB: xx/xx/2004. The phone is currently in MPD Evidence under Inventory #20035995.

## IV. TECHNICAL TERMS

16. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

    b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be

5

retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records of the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly

6

available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

17. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Federal Bureau of Investigation, who are experienced with electronic

7

communication systems, I know that the electronic Devices described above have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## V. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Federal Bureau of Investigation, who are experienced with electronic communication systems, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the Devices. This information can sometimes be recovered with forensics tools.

19. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of use, who used it, and when.

20. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

21. Manner of execution. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## VI.  CONCLUSION

22. Based on the facts contained within this affidavit, I believe that probable cause exists to search the Device, which is more particularly described in Attachment A, and which is currently located in evidence at the Milwaukee Police Department, for evidence of the aforementioned armed carjacking, including but not limited to the information contained in Attachment B.

# ATTACHMENT A

## Property to Be Searched

The property to be searched is:

    a. A silver LG cellular telephone currently in MPD evidence under Inventory #20035997.

The Device is currently in evidence at the Milwaukee Police Department.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

10

Case 2:20-mj-01057-NJ   Filed 10/16/20   Page 16 of 18   Document 1

# ATTACHMENT B

## Particular Things to be Seized

1. All records on the Device described in Attachment A that relate to violations of Title 18, United States Code, Section 2119 (Carjacking), and Title 18, United States Code, Section 924(c) (Use of a Firearm during a Crime of violence) involving Jailen JENKINS-YATES or any other subject, stored on the Device, to include:

    a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

    b. any information recording any targets' schedule or travel;

    c. any web search information related to the offenses described above;

    d. photographs of locations evidencing pre-carjacking surveillance or vehicles or people related to the offenses described above;

    e. any information related to the proceeds from the carjacking described above;

    f. any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

    g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.